Leslie Andre EISENHOWER, a/k/a
Leslie Andre and Leslie Y. Ford,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Appellee.

No. 319, Docket 28359.

United States Court of Appeals
Second Circuit.

Argued Jan. 29, 1964.

Decided Jan. 31, 1964.

---

Bernfeld & Cohen and Lee J. Cohen, Los Angeles, Cal., for appellant.

Milo V. Olson, Los Angeles, Cal., for appellee.

Before BARNES, MERRILL and KOELSCH, Circuit Judges.

---

Warren E. Magee, Washington, D. C. (Lee R. Fenton, New York City, on the brief), for plaintiff-appellant.

Carl Golden, Asst. U. S. Atty. (Joseph P. Hoey, U. S. Atty., for the Eastern Dist. of New York, on the brief), for appellee.

Before LUMBARD, Chief Judge, and WATERMAN and MARSHALL, Circuit Judges.

## PER CURIAM.

Appellant, a professional acrobatic tap dancer and member of a troop of entertainers had invitational orders to proceed overseas on or about October 15, 1958 to entertain military personnel abroad. Two days prior to embarkation, the troop requested and was given permission to give a final dress rehearsal at the U. S. Navy Receiving Station in Brooklyn, New York, which was attended by naval personnel. About 6:00 P.M. on the evening in question the entire troop arrived at the station's auditorium. An officer escorted them by the stage to the dressing rooms, took them to dinner and returned them to the performing area. The show started about 8:15 P.M. and appellant began her routine about 8:45. During her number, after thirty or more spins of acrobatic tap dancing, she fell and was injured. The suit was brought to recover damages from the United States under the Federal Tort Claims Act (28 U.S.C.A. § 1346) because of alleged negligence of the United States in not affording her a safe area on which to dance. The government denies any claim of negligence and asserts voluntary assumption of risk and contributory negligence. After trial without a jury, the court found for the defendant, and entered judgment dismissing the complaint on the merits. This appeal is taken from that judgment.

The claim of negligence is based on the admitted fact that the stage floor had just been waxed earlier on the day of the performance and such a condition was dangerous for acrobatic tap dancers. Whether appellant be considered a licensee or invitee the United States was not negligent. There is no evidence that anyone at the base knew that appellant was to perform as an acrobatic tap dancer or could reasonably have known that appellant would do a dance which required an unwaxed floor. Even more important, it is clear from the record that appellant was the one who knew that such a floor was dangerous, saw the condition of the floor two hours before the show started, did not ask anyone in authority to change the condition, did not refuse to do her act under these conditions and did not use the type of dancing shoes used by other acrobatic tap dancers who performed on waxed floors. The judgment is, therefore, affirmed.